UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JORGE VEGA-MACIAS,<br><br>　　　　　　Defendant. | No. 2:16-cr-00025-TLN<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

      This matter is before the Court on Defendant Jorge Vega-Macias's ("Defendant") Motion to Appoint Counsel, filed March 1, 2021. (ECF No. 309.) Defendant, proceeding *pro se*, requests the Court appoint counsel to help him file a compassionate release motion. (*Id.*) Defendant indicates he tested positive for COVID-19 in April 2020 and still experiences side effects, including shortness of breath, anxiety, headaches, fogginess, fatigue, and chest pain. (*Id.*) He also indicates he suffers from severe asthma. (*Id.*)

      A defendant does not have a Sixth Amendment right to counsel when bringing a compassionate release motion under 18 U.S.C. § 3582(c). *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "Nor is there any statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c)."

1

*United States v. Bond*, No. LA CR94-00563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020); *see also United States v. Maxwell*, No. CR 04-732-RSWL-1, 2021 WL 310970, at *2 (C.D. Cal. Jan. 28, 2021).

Defendant does not have a right to counsel to bring a compassionate release motion, and his motion does not involve complex issues requiring assistance of counsel. As such, the Court DENIES Defendant's Motion to Appoint Counsel. (ECF No. 309.) If Defendant chooses to file a compassionate release motion, he may do so *pro se* or retain counsel through other means.

IT IS SO ORDERED.

DATED: March 4, 2021

Troy L. Nunley
United States District Judge

2